```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
REGINALD MCFADDEN,

                    Plaintiff,
                                        MEMORANDUM AND ORDER
          -against-                     18-CV-3631(JS)(SIL)

NASSAU COUNTY, JAME O. LARUSSO,
NASSAU COUNTY POLICE DEPARTMENT,
CHRISTINA MCDONALD, NASSAU COUNTY
DISTRICT ATTORNEY, and JUDITH R.
STERNBERY, ADA,
                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Reginald McFadden, pro se
                    95A6279
                    Attica Correctional Facility
                    639 Exchange Street
                    P.O. Box 149
                    Attica, NY 14011

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On June 18, 2018, incarcerated pro se plaintiff Reginald McFadden ("Plaintiff") filed another Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983"). However, Plaintiff did not remit the filing fee nor did he file an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated June 22, 2018, Plaintiff was instructed to remit the filing fee or file an application to proceed in forma pauperis along with the required Prisoner Litigation Authorization form ("PLRA"). (See Notice, Docket Entry 3.) On July 6, 2018, Plaintiff filed an application to proceed in forma pauperis and a completed PLRA.

(See Docket Entry 6.)

However, because Plaintiff has already had "three strikes" pursuant to 28 U.S.C. § 1915(g), and has not demonstrated that he is "under imminent danger of serious physical injury," his application to proceed in forma pauperis is DENIED.[1]  **Plaintiff is directed to pay the $400.00 filing fee within fourteen (14) days of the date of this Order, and a failure to do so will lead to the dismissal of his claims without prejudice without further notice and judgment shall enter.**  Plaintiff is advised that his payment of the filing fee does not exempt him from the requirements of 28 U.S.C. § 1915A and the Court is required to dismiss a complaint if the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(a)-(b).  Should Plaintiff timely

---

[1] See McFadden v. Parpan, 96-CV-1305(LDW)(MLO), May 19, 2008 Mem. & Order, Docket Entry 105 ("In 1998, this court revoked its decision to grant Plaintiff in forma pauperis status and dismissed Plaintiff's complaint without prejudice to refiling through a paid complaint.  The court's decision was made pursuant to the Prisoner Litigation Reform Act of 1995 [ ] which provides, in pertinent part, that a prisoner may not bring a civil action under the in forma pauperis provisions of 28 U.S.C. § 1915 'if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.'") (citation omitted).

remit the filing fee, the Complaint shall be screened pursuant to 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: December __14__, 2018
       Central Islip, New York